CONSOLIDATED RUBBER TIRE CO. v. FIRESTONE TIRE & RUBBER CO.

(Supreme Court, Appellate Division, Second Department. April 21, 1911.)

1. PATENTS (§ 219*)—ROYALTIES—ACTIONS—COMPLAINT.
    A complaint in an action for royalties accrued under a contract containing stipulations to be performed by both parties, which alleges that plaintiff has complied with all the terms and conditions of the contract, sufficiently alleges full performance of the contract on its part.
    [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 339-349; Dec. Dig. § 219.*]

2. JUDGMENT (§ 744*)—RES JUDICATA.
    Defendant cannot plead that plaintiff has not given it a formal license to operate under a certain patent as a defense to an action for royalties under it, where a federal court has adjudged that certain provisions of an agreement between the parties amount to a license.
    [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1278-1281; Dec. Dig. § 744.*]

3. PATENTS (§ 219*)—ROYALTIES—ACTIONS—COMPLAINT.
    A compromise agreement between plaintiff and defendant required plaintiff to give defendant a license to use the G. patent as favorable as any given or to be given to others. The agreement contained no stipula-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tions as to the amount of the royalties under the G. patent payable by defendant, nor the times when they were payable, though it contained a clause showing by inference that the royalties should not be less than a certain amount. *Held*, that a complaint for royalties under the agreement must allege the terms of its most favorable license, so as to show the amount of the royalties and how and when payable, and, in the absence of such allegation, was demurrable for failure to show that any royalties were due.

· [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 339–349; Dec. Dig. § 219.*]

Appeal from Special Term, Westchester County.

Action by the Consolidated Rubber Tire Company against the Firestone Tire & Rubber Company. From a judgment overruling a demurrer to the amended complaint, defendant appeals. Reversed and remanded.

See, also, 137 App. Div. 890, 121 N. Y. Supp. 1128.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, CARR, and RICH, JJ.

Amos C. Miller, for appellant.
Charles W. Stapleton, for respondent.

THOMAS, J. It appears from the complaint to which demurrer is interposed that the plaintiff, owning the right to grant licenses under the Grant patent for improvement in rubber vehicle tires, obtained in January, 1907, a decree affirming the validity of such patent, and enjoining infringement by the defendant, Firestone Tire & Rubber Company, and directing an accounting. Thereafter the parties composed their differences by the mutual promises embodied in a contract, dated March 27, 1907, and a supplementary contract of the same date, marked, respectively, "A" and "B" and attached to the complaint. The main terms of these contracts were: (1) To obligate the defendant to vest the plaintiff with the title to certain letters patent issued March 8, 1904, to defendant on the application of one Luddington, together with its interests in all licenses and royalties, the plaintiff undertaking to pay in cash $15,000, and to account to the defendant for one-half of the royalties received for licenses to use the same for the full term of such patent, "payment to be made when collected by the Consolidated Co., free of expense for collecting"; the plaintiff also agreeing with some exceptions here unimportant to require all persons taking licenses under the Grant patent to accept licenses for its full term under the Luddington patent at a stated royalty. There was further agreement that the plaintiff could increase or reduce the license fee under the Luddington patent by paying "a sum annually which, at the end of ten years from this date, shall amount, together with royalties theretofore paid to said Firestone Co., to the sum of $60,000 in addition to the said $15,000 cash payment." The defendant also reserved a shop right to use the Luddington patent for the manufacture of Grant tires, but it was added, "This is not to be construed to mean that Firestone Co. shall not pay a regular royalty under" the Grant patent. (2) The defendant also promised to give the plaintiff

license to manufacture under the Swinehart patent "on the same terms and conditions in every respect as granted to its other most favored licensees under said patent."    (3) The plaintiff stipulated:

"9. Said Consolidated Co. shall give said Firestone Co. a license to manufacture tires under said Grant patent, which license shall be as favorable as any other licenses at any other time granted or to be granted under said Grant patent by said Consolidated Co., and which shall provide that in the event these royalties are paid thereunder at the rate of three (3) cents per pound (or the equivalent thereof, based on linear measure) up to February 18, 1913, then damages for past infringement by the Firestone Co. of said Grant patent shall be regarded as settled and abandoned and said Firestone Co. agrees not to appeal the suit now pending between the Consolidated Rubber Tire Co., and ano., against said Firestone Co., over said patent."

The supplementary contract provided, among other things, as follows:

"1. Further and specifically agreed that that part of clause 9 of said agreement providing that the license to be granted to the Firestone Co., under the Grant patent 'shall be as favorable to said Firestone Co., as any other license at any time granted or to be granted,' need not be observed by the Consolidated Co., providing said Consolidated Co. shall find it necessary to make variations in licenses which it may grant under said Grant patent."

The plaintiff has sued for royalties under paragraph 9 of the first contract as modified by paragraph 1 of the second contract.

[1] The defendant urges that the plaintiff does not plead full performance on its part.    The complaint alleges that the plaintiff has "complied with all the terms and provisions of said agreements and the said license is as favorable as any other license at any other time granted, or to be granted, under said patent by the plaintiff."    If it has complied with "all the terms and provisions," it has conformed to its contractual duty.

[2] The defendant's further objection that no formal license to operate under the Grant patent has been given it is removed by the favorable decree of the federal court, for that purpose invoked by the defendant, that the ninth clause of the agreement constituted an agreement.

[3] The serious question is whether any royalties are due under the license to use the Grant patent.    It will be observed that the contract requires plaintiff to pay defendant one-half of the royalties received under the Luddington patent "when collected by the Consolidated Co.," in addition to the $15,000 cash payment, to pay annually in case a gross sum should be substituted for a division of the royalties, and as regards the Swinehart patent the terms and conditions, necessarily including those of payment, are to be those granted to most favored licensees.    There is nothing detracting from the conclusion that, as regards indebtedness accruing from the plaintiff to the defendant, payment was not to be delayed to final performance of the contract by the parties.    But. is it contemplated that the defendant, the plaintiff's debtor, enjoined by decree from using the Grant patent and to account for past infringement, could use the patent for five years without earlier payment?    It is argued at length by the defendant that meantime something might occur to evict the defendant from use of the patent.    But there was a decree as to it affirming the validity of

the patent, and it stipulated that it would not attempt to disturb it by appeal. Some regard must be had to the language of section 9 read in the light afforded by the allegations of the complaint. The stipulation (section 9) contains promises: (1) One by plaintiff to give defendant a license under the Grant patent, which shall be as favorable as any given or to be given to others, with the modification in the supplementary contract; (2) one by the plaintiff to forego the accounting under the federal decree provided the defendant shall pay royalties under the license at a specified rate "up to February 18, 1913; (3) one by defendant not to appeal from the decree. There is no promise by defendant to use the Grant patent, and the penalty for failure to pay the specified royalty would be a breach of condition that would enable the plaintiff to proceed with the accounting. So that it was contemplated that defendant should accept a license, and that the royalty should be at least at the specified rate. The license would necessarily be at least as great as the amount named in the condition, but the stipulation to pay "up to February 18, 1913," relates primarily to the condition, and not to the time of payment in the license or the duration thereof. The period of the grant under the license is not fixed, nor are royalties, nor their time of payment. By accepting the license the defendant is obligated to pay royalties, as others best favored are, and in addition, if it operate within the Grant patent, it must, to escape payment on an accounting under the decree, pay up to 1913. So the complaint should allege the terms of its most favorable license, except when it has found it necessary to make variations as provided in the supplementary contract, and thereby allege the price payable and how and when payable. There is no allegation in the complaint to such effect, and in that regard it is insufficient and demurrable.

The interlocutory judgment should be reversed and order granted sustaining the demurrer upon the grounds hereinbefore stated, with costs, with leave to plaintiff to apply, within 20 days after notice of entry of the order, to amend the complaint as it shall be advised. All concur.